FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY L. THOMAS,

             Petitioner - Appellant,

v.

DAVID C. MILLER, Warden,

             Respondent - Appellee.

No. 10-6193
(W.D. Oklahoma)
(D.C. No. 5:10-CV-00110-W)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Jerry L. Thomas, a state prisoner appearing *pro se*, seeks to appeal the

district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this

court on Thomas's request for a certificate of appealability ("COA"). *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order

in a habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court" unless the petitioner first obtains a COA); *Montez*

*v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the requirements of

§ 2253(c)(1)(A) apply when the state habeas petitioner is proceeding under

§ 2241). Because Thomas has not made a "substantial showing of the denial of a

constitutional right," this court **denies** his request for a COA and dismisses this

appeal. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").[1]

In his § 2241 petition, Thomas challenged, nominally on due process grounds, the results of prison disciplinary proceedings which resulted in the loss of earned good-time credits. The matter was referred to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for initial proceedings. In a comprehensive report and recommendation, the magistrate judge concluded Thomas's claims should be denied because they are not cognizable in a § 2241 habeas corpus proceeding. In particular, the magistrate judge noted Thomas's assertion Oklahoma state courts misapplied Oklahoma state law did not raise a valid claim of a violation of the United States Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Furthermore, the magistrate judge concluded that the motivations underlying the bringing of a misconduct complaint against Thomas did not bear on the dispositive legal question of whether Thomas's disciplinary proceedings ultimately complied with the dictates of *Wolff*

[1]Because Thomas has not made a reasoned, nonfrivolous argument, we **deny** his request to proceed on appeal without prepayment of fees. 28 U.S.C. § 1915(e)(2)(B)(i); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Thomas shall, therefore, make full and immediate payment of the appellate filing fee.

*v. McDonnell*, 418 U.S. 539, 556 (1974) and *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Because Thomas's prison disciplinary proceedings undeniably complied with *Wolff* and *Hill*, the magistrate judge concluded Thomas was not entitled to habeas relief. Upon de novo review, the district court adopted the magistrate judge's report and recommendation and denied Thomas's § 2241 petition.

A COA may issue if Thomas "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Thomas is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Thomas's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record on

appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Thomas is not entitled to a COA. The district court's resolution of Thomas's petition is not reasonably subject to debate and the claims he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, Thomas has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Thomas's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge